Good morning, your honors. I'll take that as a cue to introduce myself. My name is Carmen Smarandollo. I represent Mr. Hernandez-Lincona, and I would like to reserve two minutes. Well, I'll try to remind you, but watch the clock yourself, and if you get distracted by our questions, I'll add an extra couple of minutes. Thank you, your honor, and I welcome your questions, of course. That's why you are here. As your honor knows very well, my case involves a number of challenges, but unless you prefer otherwise, I plan to focus today on my argument that these court decisions in Barão Medina and Medina Via are clearly irreconcilable with the reasoning and theory of the Supreme Court's decision in Esquivel-Quintana. I will not address my arguments about the holding of Esquivel-Quintana, which I concede has not yet been embraced by any other court of appeals. I think they are wrong, but nonetheless, I think my time and our time is better spent on the theory and reasoning of Esquivel-Quintana. Central to my argument is this court standard announced in Miller-Vigiani. For almost two decades now, the Ninth Circuit on Bank has told us that pre-judge panels are bound not only by the holdings of the Supreme Court, but also by their reasoning and theory. And what does that mean? It means that... Can I just interrupt you and ask the question that's bothering me most about this argument, which is, even if you're right, I don't know how you deal with Quintero, Cisneros, and Mero, which come after Esquivel and seem to reaffirm our holding that sexual abuse of a minor is categorically a match. And at that point, we have later decisions that bind us, I think. I'm not quite sure how you get around that. I get around that, Your Honor, by applying a different on-bank decision of this court, which is United States v. Johnson from 2001. And that decision explains when statements of this court actually carry the force of law. But I think that's about dicta. So Johnson is about when dicta. At least in Quintero-Cisneros, it says there are two categories. We're in the second category. That part of the reasoning seems to be part of the analysis, not dicta. Well, Your Honor, I fully disagree with Your Honor that it is not dicta. And this is the reason why. The only arguments that the petitioner in Quintero-Cisneros brought were under the framework of Medina via. His argument was that the abuse element is not met, that the intent is not an element but just a sentencing factor under the Washington statute. So the petitioner there did not challenge in any way that Medina via is the relevant framework. And because of that, whatever it's holding in Quintero-Cisneros. So certainly that part is dicta. And certainly the Johnson on-bank decision tells us that when this court makes a statement in passing without submitting the statement to the adversarial process, without carefully considering the alternatives, and only as a prelude to other matters, that that is not a binding law in this court and that subsequent panels can reconsider that. And the same is true for, and I see that you have a question, Your Honor. I do. In the same vein, the government submitted the case of United States versus Hudson from January 29th of 2021. I wonder if you've had a chance to review that and if you would discuss that along with the other two cases that you've been addressing in response to Judge Friedland's question. Yes, Your Honor. I have actually submitted a 28-day response letter regarding Hudson. The only issue in Hudson was whether sexual abuse, the entire phrase in the child pornography statute 2252 is unconstitutionally vague under Johnson and DiMaia. Part of that phrase is sexual abuse, not sexual abuse of a minor, but sexual abuse. And the argument that was presented there was that that entire phrase is unconstitutionally vague because it combines two definitions of sexual abuse, the one from Estrada Espinoza and the one from Medina Villa, with the relating to or in connection to standard that is unique to the 2252 context. Nowhere in the party's argument and certainly nowhere in this court's decision there is even a reference to Esquivel-Quintana. And again, Hudson only concerned a vagueness argument. It had nothing to do with my statutory construction argument about the theory and reasoning of Esquivel-Quintana. It does cite Medina Villa. It does cite Medina Villa, but there was no reconcilable with the theory and reasoning of Esquivel-Quintana. Such an argument has never been presented before this court, has never been addressed, not even in an unpublished decision, and it is an issue of first impression, for your honors. But we do have several cases that have continued to treat a Section 288A conviction as categorically sexual abuse of a minor. So I think Hudson even approvingly does that again. So we have Hudson, we have Mero, we have a whole list of these at this point. So we would have to assume basically that all of those judges didn't really consider this earlier Supreme Court case. And isn't that not giving enough credit to Judge Watford and the others who wrote these opinions? I think it is giving exactly the credit that governing this court's jurisprudence is the one of party presentation. This court only passes on, only decides the issues that the litigants bring before it. The Supreme Court reaffirmed that principle last year in Sinanang-Smith, where it actually reversed the circuit for going beyond what the parties argued and reframing the issues. So if these cases had actually decided, the Esquivel-Quintana argument that I'm making today, when nobody brought that argument, they would have violated the party principle that Sinanang-Smith reaffirmed. They would have issued an advisory opinion. And it is for that reason that by limiting to the arguments that were actually presented before them, that those decisions actually complied with all principles, including star decisions. If I could interject for a moment. You're down to two minutes, 12 seconds on the clock. I didn't recall if you said you wanted to spend two minutes on rebuttal. I apologize if I didn't do. I certainly appreciate the reminder. I would like to you can marshal your arguments. Thank you. Thank you, Honor. Bonnie, could you add an extra minute? You believe that you are bound by these decisions that did not present the issue that I'm making. I think that to declare yourself bound by those decisions when nobody presented the argument, when certainly the court did not explain in a recent decision why Medina-Via is still consistent with Esquivel-Quintana, that would actually be wrong. And I respectfully submit all the basis for decision, for this court decision in Barone-Medina and Medina-Via has been undercut, has been contradicted and undermined by what Esquivel-Quintana did in, what the Supreme Court did in Esquivel-Quintana. And if this court were to apply the correct mode of reasoning, the one the Supreme Court employed in Esquivel-Quintana, I will submit that your conclusion, the sexual abuse of a minor requires, at the very least, contact with the genitals or other intimate body parts and that Section 288A does not so qualify. And I will reserve the remaining of my time. Thank you. Okay. Now, I think it's Mr. Mazur for the appellee. Yes, Your Honor. Thank you. And may it please the court. My name is Ross Mazur on behalf of the United States. Nothing in Esquivel-Quintana, either its holding, its theory and reasoning, limits the definition of sexual abuse of a minor to direct contact with the intimate body parts of the victim. To begin, as Judge Friedland already asked about, this is not an issue of that Esquivel-Quintana is not clearly irreconcilable with this court's existing precedence interpreting the generic offense. As we argued in our brief, even if Quintero Cisneros was to passing a citation that constitutes a reasoned decision on the issue, the court certainly resolved any doubt last year when it decided Mero v. Barr. The issue in Mero was whether Nevada child pornography statute categorically matched the definition of sexual abuse of a minor. And notably, the court quoted directly from Esquivel-Quintana the preliminary definition of the generic offense that the defense would like to rely on here, namely the engaging in sexual contact with a person who is below a specified age range. And in the three sentences following that definition, the court determined that this court's prior precedence, including specifically Barron Medina and Medina via, satisfied the generic definition in Esquivel-Quintana. Notably, the court reasoned that unlike the child pornography statute, which this court found did not satisfy the generic definition, did not constitute an required participation in sexual conduct in which the child was the direct object of the offender's actions. And so it distinguished in that way its prior cases, which satisfied the definition from the statute before it, which did not. But even if this court were not convinced that the issue had already been decided, like I said, there's nothing in either the holding nor the reasoning of Esquivel-Quintana that's inconsistent with this court's case law. Esquivel-Quintana held that in the context of statutory rape offenses predicated solely on the age of the participants, the generic definition requires the victim be younger than 16. I think there are two things that stand out about that holding. One is that this court reached exactly the same result 10 years earlier in Estrada the other is how narrowly the Supreme Court fashioned its holding. The court recognized that the generic definition might vary depending on the crime in question. In other words, and I think the best example of that, Your Honor, is when the court reserved whether the generic offense could include older victims, 16 and 17 years old, if there were such as the exploitation of a special relationship of trust. So the court recognized that the generic definition might vary even with respect to the age of the victim in certain statutory rape cases. And so it's all the more unlikely that the court attempted to reach an issue even further afield from the question presented about the minimum sexual conduct that the generic offense requires in non-statutory rape cases. Moreover, nothing about the vagueness argument, sorry to take you off track to a different issue, but it seemed that your brief urged us to resolve the vagueness argument on lack of standing, but I think your 28J letter urges us to follow Hudson on the merits, and I'm wondering whether you think it's a standing issue or a merits issue. The quick answer is both, Your Honor. First, we think that sexual abuse of a minor is not unconstitutionally vague, and on the merits, Hudson actually forecloses that challenge for the reasons that I went into in the 28J letter that Your Honor mentioned. However, even if there were a vagueness concern, the defense's facial challenge is not properly presented before this court. Hernandez-Lincona can't make a facial challenge because he hasn't asserted an as-applied challenge, and I think the district court got this point exactly right when the court explained that, and I'm quoting him, impregnating an 11-year-old child clearly falls within any conceivable definition of the phrase sexual abuse of a minor. In this court's recent decision in Cashion v. Barr, it held that absent exceptional circumstances, the Supreme Court cases interpreting the residual clause, Johnson and DeMaio, did not change the general rule that a defendant who can't sustain an as-applied challenge also can't be the one to bring a facial challenge. And do you understand that to be jurisdictional in the sense that we couldn't reach the merits or some kind of thing that's called standing but is really a merits issue? I'm not sure whether it's jurisdictional or just a rule of proceedings, but I don't think it's wrapped up. It's definitely a threshold inquiry that the court has to reach, a standing question, before the court can then go on to determine the merits. I know that there are some cases, if I could interject, that speak of standing in a prudential sense as well as an Article III sense. Is this like a prudential standing limitation? No, Your Honor. I think this is an Article III standing limitation. And the longstanding rule that existed before the residual clause cases was that to make a facial challenge, the defendant had to be able to make an as-applied challenge. And I think that rule was grounded in principles of basic fairness that a defendant whose conduct was clearly prescribed by the statutory language that he wanted to challenge couldn't complain that the language might possibly be as vague as applied to others. I think that understanding is reflected in this court's decision in Casham. Was our court wrong in Hudson to reach the merits? No. In Hudson, the issue just wasn't squarely presented to the court. The Casham issue had been decided recently. I believe that there were 28 J letters that brought this issue to attention. But the question of standing didn't get full briefing. And so Hudson relegated that question to a footnote and said that regardless of the standing question, we don't have to reach the standing question because the defendant's claim fails even on the merits. But if there's actually no jurisdiction, that was improper, right? Yeah. I suppose if there's no jurisdiction, the jurisdiction would be a thresholding inquiry, that's true. So whether it's jurisdictional or not, I think the court has treated it as a thresholding inquiry that the defendant has to satisfy, even though I take your point that in Hudson, the court was willing to reserve that issue because the defendant's claim also failed on the merits. I don't think you really want to be arguing that if something isn't fully briefed, it's not really a holding, do you? No, I don't, Your Honor. I agree. And what I would say is that in Casham, the court made clear that the residual clause places did not undermine the general rule that a defendant who can't raise an as-applied challenge also can't bring a facial one. The court recognized that the rule wasn't absolute because after all, Johnson and DeMaio did look past an as-applied challenge to conduct a facial one. And so then the only question was, when do exceptional circumstances exist? And the court kind of distilled two conditions from the Supreme Court's case law. And I think it's important to note that neither one of those conditions is satisfied here, notably because this case does not involve the particular form of the categorical approach that plagued the residual clauses, where the court was forced to conceptualize a hypothetical, idealized version of the crime and then compare the level of risk. And notably, in footnote one of the Supreme Court's DeMaio decision, the court was careful to distinguish that unusual form of the categorical approach, which created so many vagueness problems from the more typical one that applies here. Isn't that just a reason that the vagueness argument loses? I mean, I don't understand why that's a standing argument. It seems like you are really just saying that this categorical approach isn't quite as vague as the vagueness cases were. And that sounds like a merits argument. I agree with your honor that many of the extraordinary circumstances identified in Casham also have very strong merits overtones. So whether the court considers this as a threshold standing issue or simply as a merits issue, I think these are all reasons that Hernandez-Lincona has not established that the phrase sexual abuse of a minor is vague, even if this court's decision in Hudson didn't foreclose the issue. I see that my time is up. So I would ask the court to affirm the judgment unless there are any other questions. Let's see. I have no questions, but my colleagues don't appear to have any. So I apologize. It always happens. I would like to first emphasize that my colleagues' exclusive focus on the holding of Esquivel-Quintana is clearly contradictory to this court's Miller-Bugany decision. I will not go into that because your honors are already very in this case. Regarding vagueness, I think, Judge Friedland, your point about what was actually critical to the Casham decision is what we care about. And I respectfully submit that what Casham really said is that in categorical approach cases, you cannot really conduct an as-applied challenge because we know the categorical approach does not look to the facts. Such an inquiry, an as-applied inquiry, is simply not possible. And this insight of Casham is what matters. The fact that the residual clauses present a certain vagueness problem that are not similar to what we have here concerns the strength, the merits of the vagueness argument. But the preliminary question of whether my client can bring a facial challenge, it is clearly so because this case involves the categorical approach and an as-applied challenge focuses on the facts, is simply impossible. Going beyond that, this court has actually recognized in a number of other decisions, including Kuzma and Guerrero, which I cited in my brief, that that is what matters. Does the statute focus on the real conduct, on the facts, or on something else, on this, you know, very abstract category of inquiry, legal inquiry? And finally, with your permission, Hudson too, Hudson decided a facial challenge. That only adds to this line of cases recognizing that in the categorical context, we bypass the as-applied challenges. Second, Hudson only decided a very narrow vagueness challenge. I've already explained what that consisted of, and that is not the challenge that we are bringing today. So, with your permission, Your Honor, I would ask that you reverse the district court and order that my client's 1326 conviction be reversed. Thank you. Thank you, Counsel. I think I'll close this argument, but before I do so, I want to thank Counsel for Appellant and Counsel for Appellee for giving us such excellent arguments under trying circumstances. We appreciate that. The case, Fernandez-Lincona, shall now be submitted, and the parties will hear from us in due course.
judges: Gould, Friedland, Ericksen